IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

GREGORY D. BARRION,           :
                                       :
        **Plaintiff,**          :
                                       :
**VS.**                            :
                                       :      **NO. 5:21-CV-230-TES-CHW**
                                       :
**Head Warden SMITH, *et al.*,**     :
                                       :      **PROCEEDINGS UNDER 42 U.S.C. § 1983**
                                       :      **<u>BEFORE THE U.S. MAGISTRATE JUDGE</u>**
                                       :
                                       :      **ORDER**
        **Defendants.**       :
_____:

Pro se Plaintiff Gregory D. Barrion, a prisoner in Dooly State Prison in Unadilla, Georgia, filed a 42 U.S.C. § 1983 action.   ECF No. 1.   He has also moved to proceed *in forma pauperis* ("IFP").   ECF No. 2.

## I.   REQUEST TO PROCEED *IFP*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).   ECF No. 2.   As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee.   28 U.S.C. § 1915(b)(1).   If the prisoner has sufficient assets, he must pay the filing fee in a lump sum.   If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available.   Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee.   28 U.S.C. § 1915(b)(4).   In the

1

event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee.   The agency having custody of Plaintiff shall forward said payments from Plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).   The clerk of court is directed to send a copy of this Dooly State Prison.

I.     Directions to Plaintiff's Custodian

It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.   It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.    Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA.   Thus, in the event Plaintiff is hereafter released from the custody of the

State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated.   The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments.   Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## II. INITIAL REVIEW OF COMPLAINT

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."   The Court's initial review reveals that Plaintiff must file an amended complaint.

Plaintiff has named twenty-two Defendants.   ECF No. 1 at 1.   He filed approximately eighty pages of exhibits.   ECF Nos. 1-1 to 1-30.   His complaint is an almost illegible, rambling jumble of allegations about seemingly unrelated events, many of which he fails to attribute to any named Defendant.   In short, it is a typical shotgun pleading.   The leniency afforded to pro se litigants does not permit them to file an impermissible shotgun pleading.   *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted).   The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil docket."   *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010).

Indeed, shotgun pleadings require the Court to sift through rambling allegations to separate the meritorious from the unmeritorious claims, which results in a "massive waste of judicial and private resources."   *Id*. (citation omitted).   The Eleventh Circuit has, therefore, established that shotgun pleading is an unacceptable form of establishing a claim for relief.   *Strategic Income*

3

*Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 (11th Cir. 2002).   Moreover, it is not incumbent upon the Court to effectively re-write Plaintiff's complaint so that it complies with the Federal Rules of Civil Procedure.   *See GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (holding that while "[c]ourts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education," a court may not "serve as de facto counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action").

In his amended complaint, Plaintiff may not join unrelated claims and Defendants in a single action.   Plaintiff may join Defendants in one action if he asserts "any right to relief . . . against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all [D]efendants will arise in the action.   Fed. R. Civ. P. 20(a)(1)(A)-(B). "Whether multiple claims arise from the same transaction, occurrence, or series of transactions or occurrences depends on whether a 'logical relationship' exists between the claims." *Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016) (quoting *Alexander v. Fulton Cty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)).   For there to be a "logical relationship," the claims must "arise from common operative facts." *Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013) (citations omitted).

Plaintiff is hereby notified that **one sole operating complaint** is permissible. The general rule is that an amended complaint supersedes an original complaint. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007); *Fritz v. Standard Sec. Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982).   Thus, the complaint that Plaintiff submits in response to this Order will take the place of his original complaint.

Plaintiff must follow these instructions:

1. Plaintiff must write legibly.  If the Court cannot read Plaintiff's amended complaint, it will be dismissed.

2. Plaintiff must list each Defendant that he wishes to sue in the heading of his complaint.   Then in the body of the complaint, he must include a **SEPARATE, NUMBERED** paragraph that lists each Defendant again and explains what each Defendant did or did not do that violated Plaintiff's constitutional rights. Plaintiff must give supporting facts, including dates, locations, etc., to show why each person is being sued.   Any unidentified "John or Jane Doe" will simply be dismissed from the case.

3. The amended complaint must be no longer than ten (10) pages. Plaintiff may not attach any exhibits to the complaint.

4. Plaintiff may set forth only related claims in one civil rights complaint.   He may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a).

5. Plaintiff is cautioned that failure to timely file the amended complaint in accordance with these instructions will result in dismissal without prejudice of his complaint.   Should Plaintiff decide he does not want to pursue the action, he may notify the Court or simply let the time for filing the amended complaint pass and his action will be dismissed without prejudice.

In conclusion, Plaintiff is **ORDERED** to file an amended complaint within **FOURTEEN (14) DAYS** from the date shown on this Order.

5

The Clerk of Court is **DIRECTED** to forward to Plaintiff the necessary § 1983 form with this civil action number on it along with a copy of this Order.

So **ORDERED and DIRECTED**, this 31st day of August, 2021.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge